Mr. Richard Smoak Attorney Panama City-Bay County Airport and Industrial District Magnolia Avenue at Third Court Post Office Drawer 1579 Panama City, Florida 32402
Dear Mr. Smoak:
This is in response to your request for my opinion on substantially the following question:
 DOES s 286.043, F.S., PRECLUDE THE PANAMA CITY-BAY COUNTY AIRPORT AND INDUSTRIAL DISTRICT FROM AWARDING RENTAL CAR CONCESSIONS AT THE PANAMA CITY-BAY COUNTY AIRPORT TO ONLY THREE BIDDERS BECAUSE OF SPACE LIMITATIONS IN THE AIRPORT TERMINAL?
You state in your request that the Panama City-Bay County Airport and Industrial District plans to advertise for bids for automobile rental concessions at the Panama City-Bay County Airport and that you are concerned about the effect of s 286.043, F.S., on the number of bids that may be accepted with respect to such concessions.
The Panama City-Bay County Airport and Industrial District was created by Ch. 67-1099, Laws of Florida, as amended by Ch. 69-834, Laws of Florida, authorizing the district to, inter alia, "negotiate and contract with airlines and other such institutions as the authority may deem necessary for development and expansion of the airport district." See, s 5(17), Ch. 67-1099, supra.
Section 286.043, F.S., provides as follows:
 No public funds shall be used by a unit of local government for the purpose of promulgating contract or bid specifications relating to car rental concessions at airports which would preclude a corporation authorized to do business in this state from submitting bids or entering into such contracts with such unit of local government. Nothing in this section shall prevent the local government from providing in such specifications a minimum annual guarantee of revenue to be paid to such unit of local government.
Section 286.043, F.S., was brought into statutory law by s 4 of Ch. 79-119, Laws of Florida. There are no appellate court decisions construing the statute, nor has any previous opinion of the Attorney General addressed the application of the statute. Moreover, since a review of the available legislative history materials indicates that s 4 of Ch. 79-119, Laws of Florida, was added to a bill known as SB 1052 on the floor of the Senate, and inasmuch as a diligent search of those and other materials fails to disclose any consideration of such section by any committee of the House of Representatives or the Senate otherwise considering SB 1052 or its companion measure, HB 1596, there does not appear any formal record that would provide information as to the intent of the Legislature in enacting Ch. 79-119, Laws of Florida, beyond the plain language of the law as codified at s 286.043. See, Journal of the Senate, Regular Session, 1979, at p. 520. See also, Journal of the House of Representatives Regular Session at p. 635. Thus, legislative intent must be ascertained from the statute by considering the language use, subject matter and purpose. In re Ruff's Estate, 32 So.2d 840 (Fla. 1948).
The statute by its terms applies only to the promulgation of contract or bid specifications relating to car rental concessions at airports. I see nothing in the plain language of the statute which expressly or impliedly expands or restricts the number of concessions that the governing board of the Panama City-Bay County Airport and Industrial District may choose to make available, whether through promulgation of specifications and competitive bidding or through negotiation and award of contracts. Cf., AGO's 78-39 and 71-366, concluding that public bodies are not required to utilize competitive bidding in the absence of a statute requiring such. See also, the title to Ch. 79-119, Laws of Florida, providing that the relevant section of such law prohibits "the use of public funds by units of local government for certain discriminatory practices." In the absence of legislative clarification, I do not perceive that any limitation on the number of car rental concessions at the Panama City-Bay County Airport reasonably based on the amount of space available at the airport constitutes a discriminatory practice of the kind affected by the plain language of s 4, Ch. 79-119, supra.
Therefore, unless and until legislatively clarified or judicially determined otherwise, I am of the opinion that the Panama City-Bay County Airport and Industrial District is not precluded by s286.043, F.S., from awarding rental car concessions at the Panama City-Bay County Airport to only three bidders in light of space limitations in the airport terminal.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General